OPINION
On May 11, 1992, the Coshocton County Grand Jury indicted appellant, Richard Hayden Davis, on six counts of vandalism in violation of R.C.2909.05 and three counts of criminal damaging in violation of R.C.2909.06. On September 15, 1992, appellant pled guilty as charged. By judgment entry filed March 31, 1993, the trial court sentenced appellant to an aggregate term of six years in prison, suspended in lieu of probation for five years.
On August 11, 1993, appellee, the State of Ohio, filed a motion to revoke appellant's probation. Following hearings, the trial court revoked appellant's probation and reinstated the original sentence on October 7, 1993.
On November 12, 1993, appellant filed a motion for shock probation. By judgment entry filed January 25, 1994, the trial court granted said motion and placed appellant on probation for five years, commencing on March 26, 1993.
On November 12, 1997, appellee again filed a motion to revoke appellant's probation. By judgment entry filed April 26, 1999, the trial court revoked appellant's probation and reinstated the original sentence.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT DENIED MR. DAVIS THE DUE PROCESS OF LAW AND VIOLATED CRIM.R. 32.3(A) BY REVOKING MR. DAVIS'S PROBATION AND SENTENCING HIM TO PRISON OUTSIDE OF HIS PRESENCE.
 II THE TRIAL COURT DENIED MR. DAVIS DUE PROCESS AND THE EQUAL PROTECTION OF THE LAW BY REVOKING HIS PROBATION FOR FAILING TO PAY RESTITUTION WITHOUT INQUIRING INTO HIS ABILITY TO PAY THE RESTITUTION.
 III THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO REVOKE MR. DAVIS'S PROBATION AND TO REINSTATE HIS ORIGINAL SENTENCE BECAUSE HIS PROBATION HAD EXPIRED.
 I
Appellant claims the trial court erred in revoking his probation and sentencing him outside of his presence. We agree.
Pursuant to Crim.R. 43(A), "[t]he defendant shall be present at the arraignment and every stage of the trial, including the empaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." Crim.R. 32.3(A) states "[t]he court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed."
A merits hearing on the November 12, 1997 revocation motion was set for March 9, 1998. See, Entry filed February 18, 1998. On said date, appellant appeared with his attorney, but the matter was continued pending the outcome of a misdemeanor charge against appellant. See, Judgment Entry filed March 11, 1998.
The matter was reset for April 19, 1999. See, Entry filed March 25, 1999. On said date, the hearing commenced, but appellant failed to appear. April 26, 1999 T. at 2. Appellee requested the issuance of a bench warrant and the tolling of appellant's probation "until he can be brought before the court for his merits hearing."[1] Id. at 4. Defense counsel requested a continuance as he assumed appellant was ill because he had had pneumonia the week before. Id. Defense counsel waived any time defects. Id. at 5. The trial court elected to proceed on the matter. Id. at 7-8. The trial court heard the examination and cross-examination of appellant's probation officer. Id. at 9-15. From this testimony, the trial court revoked appellant's probation.
Pursuant to the mandatory language of Crim.R. 43(A) and Crim.R. 32.3(A), we find the trial court erred in proceeding with the merits hearing in light of appellant's absence.
Assignment of Error I is granted.
 II, III
Because this case is reversed based upon our decision in Assignment of Error I, we find the issues raised under these assignments to be subject to review by the trial court. In particular, on the issue of jurisdiction and the tolling order of March 11, 1998, we find the record is not developed and is subject to the trial court's consideration.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio is reversed and remanded to said court for further proceedings consistent with this opinion.
Farmer, J. Edwards, P.J. and Gwin, J. concur.
[1] All parties were aware that appellant's term of probation was about to expire in seven days and appellant had made no payment for restitution. Id. at 4-6.